246 F.3d 230 (2nd Cir. 2001)
 Western Mohegan Tribe and Nation of New York and Ronald A. Roberts, a/k/a Chief Golden Eagle, individually and as Chief of the Western Mohegan Tribe and Nation, Plaintiffs-Appellants,
v.
State of New York, New York State Office of Parks, Recreation, and Historic Preservation, Bernadette Castro, sued in her official capacity as Commissioner of the New York State Office of Parks, Recreation, and Historic Preservation, George E. Pataki, sued herein as Governor of the State of New York, John H. Malloy, Inc. and John Doe(s), individually and severally, Defendants-Appellees.
 Docket No. 00-7766
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: Jan. 25, 2001
 Decided: April 17, 2001
 
 Joshua A. Sabo, Albany, NY (Donohue, Sabo, Varley & Armstrong, P.C., of counsel), for Plaintiffs-Appellants.
 Andrea Oser, Assistant Solicitor General, Albany, NY (Eliot Spitzer, Attorney General; Nancy A. Spiegel, Assistant Solicitor General; and Peter H. Schiff, Senior Counsel, of counsel), for State Defendants-Appellees.
 Before WALKER, Chief Judge, OAKES, and PARKER, Circuit Judges.
 Members of a Native American group moved for a preliminary injunction against various state defendants, alleging violations of federal preservation laws and of their right to the free exercise of religion arising from the development of a state park. The United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, denied the motion and dismissed the claims for lack of subject matter jurisdiction.
 Affirmed in part; vacated and remanded in part.
 OAKES, Senior Circuit Judge:
 
 
 1
 The Western Mohegan Tribe and Nation of New York and its chief Robert A. Roberts (collectively, the "Tribe") moved for a preliminary injunction against the State of New York and various state offices and officials (collectively, the "State"), seeking to prevent development of a state park. The United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, dismissed the Tribe's claim in its entirety, finding, inter alia, that the Tribe did not have standing to bring its First Amendment claim and that it failed to state a valid National Historic Preservation Act (NHPA) claim. We agree with the district court that the Tribe does not have an NHPA claim against these defendants, but find that the First Amendment claim was erroneously dismissed. We therefore affirm the dismissal of the NHPA claim, but vacate and remand the First Amendment claim to the district court for further consideration.
 
 BACKGROUND
 
 2
 This case involves Schodack Island on the Hudson River, which, as a result of dredging by the federal government, is now actually a peninsula. The northern end of the Island is privately owned, the southern tip is owned by the United States, and the remaining property in between -- approximately 1052 acres -- is owned by the State of New York. The state-owned part of Schodack Island has been a state park since 1974, but the State asserts that until now access to the park was possible only by boat or by trespassing over the privately-owned northern end.
 
 
 3
 The State is seeking to develop a 40-acre section of the state park into a recreation area, which is now accessible by a newly constructed bridge from the Hudson's eastern shore. A vehicle fee will apparently be charged upon entry to the park, but walkers and cyclists will enter free of charge. Additionally, the State will allegedly require groups of 25 or more people to obtain a permit before using the park.
 
 
 4
 The Tribe, although it is not a federally recognized Native American tribe, consists of the descendants of Native Americans who stayed behind when most of their counterparts left the area in the late 1700s. The Tribe claims that their ancestors lived in a village on Schodack Island, the remains of which they now believe are buried under the Island's soil, and that it has used the Island for religious ceremonies on a number of occasions.
 
 
 5
 In December 1999, the Tribe commenced this action, alleging that the imposition of a vehicle access fee and permitting requirements on the state park lands would burden its right to the free exercise of religion under the First Amendment. It also claimed that the development of the park was in violation of the NHPA, 16 U.S.C. § 470 et seq. (2000), and the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. § 3001 et seq. (2000).[1] The Tribe sought a preliminary injunction against further construction on Schodack Island and against any fees or permits for use of the state park.
 
 
 6
 On May 25, 2000, the district court denied the preliminary injunction and dismissed the complaint sua sponte for lack of subject matter jurisdiction. It found that because the park project received no federal funds, it did not fall within the scope of the NHPA. With respect to the First Amendment claim, the district court concluded that because it was "far from clear that Plaintiffs are Native American and that the tribe from which they allege descent ever dwelled on the Island[,]" they did not have standing to bring such a claim. Western Mohegan Tribe and Nation v. New York, 100 F. Supp. 2d 122, 128 (N.D.N.Y. 2000).
 
 DISCUSSION
 
 7
 In reviewing the district court's dismissal of the Tribe's complaint for lack of subject matter jurisdiction, we review its legal conclusions de novo and its factual determinations for clear error. See Phillips v. Saratoga Harness Racing, Inc., 240 F.3d 174, 177 (2d Cir. 2001).
 
 
 8
 Turning first to the Tribe's NHPA claim, we note that the Tribe has conceded in its brief and at oral argument that it sued the wrong party in bringing this claim against the State. Indeed, the law makes it clear that violations of the NHPA can only be committed by a federal agency. See 16 U.S.C. § 470f (2000); Vieux Carre Prop. Owners v. Brown, 875 F.2d 453, 458 (5th Cir. 1989) ("By its terms, only a federal agency can violate section 470f."). Therefore, because the Tribe does not have a cause of action against the State under the NHPA, we can affirm the district court's dismissal of the NHPA claim without reaching the question of whether the district court properly construed the NHPA as applicable only to projects that are federally funded.
 
 
 9
 The district court's reasoning on the Tribe's First Amendment claim, however, must be addressed. Instead of reaching the merits of this claim, the district court found that the Tribe did not have standing to bring it. Citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992), the court correctly stated that in order to have standing to pursue a claim, a litigant must suffer a personal injury that can be redressed by a favorable decision. Western Mohegan Tribe, 100 F. Supp. 2d at 128. But the court went on to draw the conclusion that unless the members of the Tribe could prove that they were Native American and descendants of the Island's inhabitants, they could not demonstrate a cognizable injury for purposes of standing. Id.
 
 
 10
 This conclusion was erroneous. Whatever the race or lineage of its members, the Tribe claims that it has been conducting religious ceremonies on Schodack Island because that land has religious significance to it. To the extent restrictions on the use of the Island apply to the Tribe, they would consequentially impact the Tribe's ability to perform its religious ceremonies.[2] Such restrictions would therefore constitute an injury in fact to the Tribe's religious freedom. It was unnecessary to engage in an examination of the Tribe's authenticity, as the district court did here, to find that the Tribe possesses a "legally protected interest which is... concrete and particularized." Lujan, 504 U.S. at 560.
 
 
 11
 On appeal, the State does not argue that the district court's decision on the Tribe's First Amendment claim should be upheld on the basis of standing. Rather, it asks us to examine the proposed fee and permitting requirements for Schodack Island under Employment Div. v. Smith, 494 U.S. 872 (1990), and to find that the Tribe's right to the free exercise of religion will not be unduly burdened. Given that such an examination would entail facts outside the current record, we think the better course is to vacate the dismissal of the First Amendment claim and to remand to the district court for further proceedings.
 
 CONCLUSION
 
 12
 In light of the foregoing, we affirm the dismissal of the NHPA claim and vacate and remand the First Amendment claim to the district court.
 
 
 
 NOTES:
 
 
 [1]
 The Tribe has abandoned its NAGPRA claims on appeal.
 
 
 [2]
 We do not foreclose the possibility that the Tribe may lack standing for other reasons. For example, we note that the Tribe has not alleged that it meets in groups of 25 or more for its religious ceremonies on the Island. If the permitting requirement does in fact apply only to groups of 25 or more, the Tribe may lack standing to enjoin it.